990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyrone BROWDER, Petitioner-Appellant,
v.
Charles MARSHALL; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-55676.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided March 23, 1993.
 
 Before JAMES R. BROWNING, HUG and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tyrone Browder appeals pro se the district court's denial of his habeas corpus petition, pursuant to 28 U.S.C. § 2254, challenging his bench trial conviction for robbery and murder by a California court. Browder alleges various constitutional violations from: (1) the trial judge's grant of testimonial immunity to several codefendants and (2) the trial judge's reading of a preliminary hearing transcript in which several witnesses made statements inculpating Browder. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I.
 JURY TRIAL WAIVER
 
 3
 Browder claims that he was not informed prior to his waiver of a jury trial that the trial judge had granted several codefendants immunity to testify against Browder, that if he had known he would have chosen otherwise, and that his waiver was therefore constitutionally defective. We disagree.
 
 
 4
 "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970) (footnote omitted). As the magistrate found, Browder waived his right to a jury trial after an extensive colloquy with the judge, during which the judge explained the meaning of the waiver and the consequences of his choice. We agree with the magistrate that Browder effectively waived his right to a jury trial. The fact that he did not know that the judge had granted testimonial immunity to several codefendants did not render his waiver defective. Under Brady, a criminal defendant need only have an understanding of the nature and consequences of his decision, he need not know every circumstance relating to the proceedings. See Brady, 397 U.S. at 756-57. We are satisfied that Browder demonstrated such an understanding.
 
 II.
 IMPARTIALITY OF THE TRIAL JUDGE
 
 5
 Browder argues that he was denied his constitutional right to be tried by an impartial judge for two reasons: (1) the trial judge granted testimonial immunity to several codefendants and (2) the judge read the transcript of Browder's preliminary hearing, which included inculpatory testimony against him. The judge apparently read the transcript under the mistaken belief that both Browder and the State had stipulated to his doing so. We are not persuaded by Browder's argument.
 
 
 6
 The Supreme Court stated in Withrow v. Larkin, 421 U.S. 35 (1975) that a trial judge is not constitutionally disqualified from presiding over a trial simply because the judge presided over preliminary proceedings in the same case.
 
 
 7
 Judges repeatedly issue arrest warrants on the basis that there is probable cause to believe that a crime has been committed and that the person named in the warrant has committed it. Judges also preside at preliminary hearings where they must decide whether the evidence is sufficient to hold a defendant for trial. Neither of these pretrial involvements has been thought to raise any constitutional barrier against the judge's presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt of innocence.
 
 
 8
 421 U.S. at 56.
 
 
 9
 We have applied these principles in our own cases. See United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988) (judge who reviewed material in sentencing four codefendants was not required to recuse himself from matter involving defendant), cert. denied, 488 U.S. 1040 (1989); United States v. Winston, 613 F.2d at 221, 223 (1980) (impartiality with respect to defendant's trial not compromised by judge's presiding over pretrial hearing in which codefendant was found incompetent to stand trial).
 
 
 10
 We conclude that the trial judge's exposure to information regarding the case, outside the context of the trial, was not a constitutional violation under Supreme Court or Ninth Circuit law. The fact that the judge granted testimonial immunity to several codefendants did not, in and of itself, demonstrate or engender any kind of prejudice or bias. Browder, moreover, has pointed to no other facts which indicate that the judge actually was biased. Accordingly, we reject this argument.
 
 III.
 CONFRONTATION RIGHTS
 
 11
 Browder argues that his right to confront witnesses testifying against him was violated by the trial judge's reading of the preliminary hearing transcript, which included inculpatory testimony against Browder. We disagree.
 
 
 12
 As the Supreme Court stated in Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987), "the right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." (Emphasis in original.) The subject testimony was contained in a preliminary hearing transcript, but was not offered as evidence against Browder at trial. The trial judge's exposure to the testimony contained in the preliminary transcript, therefore, does not raise a confrontation rights issue. There is no indication, moreover, that Browder was denied the opportunity to cross-examine any of the witnesses who actually did testify against him at trial.
 
 IV.
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 13
 Finally, Browder claims that his trial attorney's failure to inform him that the judge granted testimonial immunity to several codefendants and his appellate counsel's failure to raise these issues constituted ineffective assistance of counsel.
 
 
 14
 A criminal defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were "outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687, 690 (1984).
 
 
 15
 Given that Browder's other contentions lack merit, we conclude that the actions of Browder's attorneys were neither outside the range of competent assistance nor prejudicial.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3